People v Boldorff (2025 NY Slip Op 00765)

People v Boldorff

2025 NY Slip Op 00765

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

888 KA 23-01131

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL BOLDORFF, DEFENDANT-APPELLANT. 

NATHANIEL L. BARONE, II, PUBLIC DEFENDER, MAYVILLE (HEATHER BURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (AMBER L. PAYNE OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Chautauqua County Court (David W. Foley, J.), entered June 29, 2023. The order, insofar as appealed from, designated defendant a sexually violent offender pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the designation of defendant as a sexually violent offender is vacated and the matter is remitted to Chautauqua County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order insofar as it designated him a sexually violent offender under the Sex Offender Registration Act (Correction Law § 168 et seq.). Due to the designation, which is based on a felony conviction in Pennsylvania requiring defendant to register as a sex offender in that state, defendant is subject to lifetime registration as a sex offender in New York. The designation was made pursuant to the second disjunctive clause of Correction Law § 168-a (3) (b), which defines a sexually violent offense as including a "conviction of a felony in any other jurisdiction for which the offender is required to register as a sex offender in the jurisdiction in which the conviction occurred." Although defendant concedes that he qualifies as a sexually violent offender under that foreign registration clause, he contends that the provision is unconstitutional on its face and as applied to him under the Due Process Clause of the Fourteenth Amendment to the Federal Constitution (US Const, 14th Amend, § 1), inasmuch as his out-of-state felony offenses were nonviolent in nature. Defendant further contends that the foreign registration clause violates the Privileges and Immunities Clause of the Federal Constitution (US Const, art IV, § 2).
In 2003, defendant was convicted in Pennsylvania upon a jury verdict of, inter alia, statutory sexual assault (18 Pa Cons Stat former § 3122.1), aggravated indecent assault (former § 3125 [8]), and involuntary deviate sexual intercourse (former § 3123 [a] [7]). According to the case summary prepared by the Board of Examiners of Sex Offenders (Board) in New York, the factual allegations underlying the Pennsylvania conviction were that defendant, from the summer of 1995 until the spring of 2000, engaged in oral and other sexual conduct with a child.
With respect to defendant's as-applied substantive due process claim, we conclude, based on the reasoning set forth by the plurality in People v Malloy (228 AD3d 1284, 1287-1291 [4th Dept 2024]), that there is no rational basis for designating defendant a sexually violent offender solely on the ground of his conviction of the Pennsylvania felony sex offenses requiring him to register as a sex offender in that jurisdiction (see People v Brightman, 230 AD3d 1527, 1529-1531 [4th Dept 2024]; People v Zellefrow, 229 AD3d 1069, 1070-1071 [4th Dept 2024]; People v Cromwell, 229 AD3d 1176, 1177-1178 [4th Dept 2024]; cf. People v Grzegorzewski, 232 AD3d 1203, 1204-1205 [4th Dept 2024]). Defendant has therefore met his burden of showing that the imposition of the sexually violent offender designation under the second disjunctive clause of Correction Law § 168-a (3) (b), as applied to him, violates his constitutional right to substantive due process. Consequently, we reverse the order insofar as appealed from and vacate [*2]that designation.
However, we note that the issue whether the essential elements of any of the Pennsylvania felonies were the statutory equivalent of a sexually violent offense in New York under the essential elements test set out in the first disjunctive clause of Correction Law § 168-a (3) (b) was never raised before County Court. We decline to consider that alternative basis for affirmance, sua sponte, for the first time on appeal (see generally Misicki v Caradonna, 12 NY3d 511, 519 [2009]). We therefore remit to County Court to consider whether any of the Pennsylvania felonies includes all of the essential elements of a sexually violent offense set forth in Correction Law § 168-a (3) (a) (see People v Weber, 40 NY3d 206, 211-212 [2023]; Grzegorzewski, 232 AD3d at 1206).
We have considered defendant's remaining constitutional challenges to his designation as a sexually violent offender under the foreign registration clause and conclude that they lack merit (see Malloy, 228 AD3d at 1291-1292).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court